FILED
November 2, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: \_\_\_\_\_MR\_\_\_\_\_
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>**(1) CHANDLER BRITAIN BRADFORD**<br>█████████████████████<br>**(3) RICARDO RODRIGUEZ-SOTELO**<br><br>Defendants | **Case No: SA:22-CR-00570-OLG**<br><br>**INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. § 371 & 554(a) Conspiracy to Smuggle Goods from the United States<br><br>**COUNTS 2-3:** 18 U.S.C. §§ 554(a) & 2 Smuggling of Goods from the United States, Aiding & Abetting<br><br>**COUNT 4:** 18 U.S.C. § 922(a)(1)(A) Unlicensed Dealing and Manufacturing of Firearms<br><br>**COUNT 5:** 18 U.S.C. § 1956(h) Conspiracy to Commit Money Laundering |

THE GRAND JURY CHARGES:

### COUNT ONE
### [18 U.S.C. § 371]

That from on or about August 12, 2019, the exact date unknown, and continuing up until the date of this indictment, in the Western and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(1) CHANDLER BRITAIN BRADFORD,**
██████████████████████,
 **(3) RICARDO RODRIGUEZ-SOTELO,**

knowingly and willfully conspired and agreed together and with others to commit offenses against the United States, that is, to knowingly receive, conceal, buy, sell, and facilitate the transportation

1

and sale of any merchandise, article, and object, to wit, components and parts for AR-15 rifles, knowing them to be intended for exportation contrary to any law or regulation of the United States, to wit, Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), in violation of Title 18, United States Code, Section 554(a).

## MANNER AND MEANS

The conspiracy was carried out through the following manner and means, among others:

1. From on or about August 12, 2019, the exact date being unknown, **CHANDLER BRITAIN BRADFORD (1)** of New Braunfels, Texas, would receive orders for firearm parts, including AR-15 components, from ▮▮▮▮▮▮▮▮▮▮ a citizen of Mexico who resided in the Monterrey, Nuevo Leon, Mexico area. ▮▮▮▮▮▮▮▮▮▮ would typically place these orders by text message to BRADFORD.

2. BRADFORD would purchase the requested firearm components online from manufacturers in the United States, and have the components shipped to him at addresses in New Braunfels, Texas. After receiving the components, BRADFORD would assemble ▮▮▮▮▮▮▮▮▮▮ orders, as instructed by ▮▮▮▮▮▮▮▮▮▮.

3. BRADFORD would deliver the firearm parts for ▮▮▮▮▮▮▮▮▮▮ by at least two different means. On some occasions, BRADFORD would ship the firearm parts intended for ▮▮▮▮▮▮▮▮▮▮ to a mail center in Laredo, Texas, addressed to a third party. On other occasions, BRADFORD would package the firearm parts in boxes and transport them to storage units near the Mexican border, including in Laredo, Texas, and Pharr, Texas.

4. **RICARDO RODRIGUEZ-SOTELO (3)**, a truck driver, would access the storage units in Laredo, Texas, unpack the boxes, and repackage them so they could be smuggled to Monterrey, Nuevo Leon, Mexico, by truck.

5. ▉▉▉▉▉▉▉▉ would coordinate payment to BRADFORD via wire transfers sent by Mexican companies, or via bulk sum deposits in BRADFORD's bank accounts made by individuals in Mexico and South Texas. ▉▉▉▉▉▉▉▉ would notify BRADFORD by text message when BRADFORD was going to be paid, as well as the amounts of money BRADFORD would be receiving.

6. None of the individuals in the conspiracy held a license or written authorization to export controlled firearm parts from the United States to Mexico.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish its objects, Defendants committed, among others, the overt acts listed below, in the Western and Southern Districts of Texas, and the Republic of Mexico:

7. On September 23, 2022, BRADFORD informed ▉▉▉▉▉▉▉▉ by text message that he would be delivering "100 uppers." On September 26, 2022, BRADFORD traveled from New Braunfels, Texas, to Laredo, Texas, and delivered boxes to a storage unit. These boxes contained approximately 100 completed AR-15 upper receivers with 7'5" barrels. BRADFORD texted a photo of these boxes to ▉▉▉▉▉▉▉▉.

8. On October 1, 2022, ▉▉▉▉▉▉▉▉ texted BRADFORD regarding an order for "complete uppers and mags." On October 4, 2022, BRADFORD traveled from New Braunfels, Texas, to Laredo, Texas, and delivered boxes to a storage unit. These boxes contained, among other gun parts, approximately 80 completed AR-15 upper receivers with 7'5" barrels and approximately 100 high-capacity 5.56 magazines. BRADFORD texted a photo of these boxes to ▉▉▉▉▉▉▉▉.

9. On October 4, 2022, RODRIGUEZ-SOTELO arrived at the storage unit in Laredo

and began unpacking, then re-packing the gun parts so they could be smuggled into Mexico by members of the conspiracy.

All in violation of Title 18, United States Code, Sections 371 and 554(a).

## COUNT TWO
**[18 U.S.C. §§ 554(a), 2]**

On or about September 26, 2022, in the Western and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(1) CHANDLER BRITAIN BRADFORD,**
██████████████████████████████,

aided and abetted by each other, and others, did attempt to fraudulently and knowingly export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, to wit, approximately 100 completed AR-15 upper receivers with 7'5" barrels, and did receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article, or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, in that Defendants knew they did not have a license or written authorization for such export, contrary to Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), and all in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT THREE
**[18 U.S.C. §§ 554(a), 2]**

On or about October 4, 2022, in the Western and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(1) CHANDLER BRITAIN BRADFORD,**
██████████████████████████████
**(3) RICARDO RODRIGUEZ-SOTELO,**

aided and abetted by each other, and others, did attempt to fraudulently and knowingly export or

send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, to wit, approximately 80 completed AR-15 upper receivers with 7'5'' barrels and approximately 100 high-capacity 5.56 magazines, and did receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article, or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, in that Defendants knew they did not have a license or written authorization for such export, contrary to Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), and all in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT FOUR
## [18 U.S.C. §§ 922(a)(1)(A)]

From on or about April 25, 2020, to on or about October 4, 2022, in the Western District of Texas, Defendant,

### (1) CHANDLER BRITAIN BRADFORD,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of manufacturing and dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## COUNT FIVE
## [18 U.S.C. § 1956(h)]

That from on or about August 12, 2019, and continuing until on or about October 4, 2022, in the Western and Southern Districts of Texas, and the Republic of Mexico, Defendants,

### (1) CHANDLER BRITAIN BRADFORD,
### ███████████████████████████,

did knowingly combine, conspire, and agree with each other and others, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to transport, transmit and transfer and attempt to transport, transmit

and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, that is, Smuggling of Goods from the United States, in violation of Title 18, United States Code, Section 554(a), in violation of Title 18, United States Code, Section 1956(a)(2)(A), and all in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.

**Smuggling Goods and Conspiracy to Obtain Firearms Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendants **CHANDLER BRITAIN BRADFORD,** ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅, and **RICARDO RODRIGUEZ-SOTELO,** of its intent to seek the forfeiture of any properties identified upon conviction pursuant to Title 18 U.S.C. § 981(a)(1)(C), (through Title 18 U.SC. § 1956(c)(7)), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
> **(a) (1)** The following property is subject to forfeiture to the United States:
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "unspecified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The offense of smuggling goods from the United States as alleged in Count Two is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

### II.

**Firearms Violation and Forfeiture Statutes**

**[Title 18 U.S.C. § 922(a)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the criminal violation set forth above, the United States of America gives notice to Defendant **CHANDLER BRITAIN BRADFORD**, of its intent to seek the forfeiture of any properties identified upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 924. Penalties**
>
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a)(6) . . . (g) . . . of section 922 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

### III.
### Money Laundering Violations and Forfeiture Statutes
**[Title 18 U.S.C. §§ 1956(h) and 1956(a)(2)(A); subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]**

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the below described real and personal properties upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982.**
>
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, ... of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the following properties:

### III.
### Properties

1. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses;
2. Any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission, and
3. Any property constituting or derived from, any proceeds the person(s) obtained directly

7

or indirectly, as the result of the commission of the crime.

## IV.
## Money Judgment

**Money Judgment:** A sum of money that represent the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One through Three and Count Five which Defendants **CHANDLER BRITAIN BRADFORD,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and **RICARDO RODRIGUEZ-SOTELO** are individually liable.

## V.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred or sold to, or deposited with, a third party;
c.  has been placed beyond the jurisdiction of the court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
FOR WILLIAM F. CALVE
Assistant United States Attorney