UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | Cause No.:   SA: 22-CR-570-OLG |
| § | |
| (1) CHANDLER BRITAIN BRADFORD § | |
| (3) RICARDO RODRIGUEZ-SOTELO § | |
| § | |
| § | |

**UNOPPOSED MOTION FOR A**
**PROTECTIVE ORDER UNDER RULE 16(d)(1)**

Under Fed. R. Crim. P. 16(d)(1), the United States seeks a Protective Order for the discovery that will be produced in this case. In support of its Motion, the United States shows the following:

1. On November 2, 2022, a federal grand jury sitting in the Western District of Texas, San Antonio Division, returned an indictment in this case.

2. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." And "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d. 557, 566 (W.D. Tex. 2009). Discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973).

3. The discovery materials in this case are sensitive and pertain to an investigation that is, in part, ongoing. The integrity of the United States' investigative efforts, as well as safety of individuals, could be jeopardized if information contained in the discovery materials were made widely available. *See United States v. Nava-Salazar*, 30 F.3d 788, 800-801 (7th Cir. 1994).

4. The undersigned counsel has conferred with counsel for Defendants and they do not oppose this motion.

Accordingly, the United States seeks a protective order restricting the dissemination of any and all discovery materials provided to any person other than the attorneys in this case. It would not preclude defense counsel from discussing provided discovery with the client, or showing it to the client, but would require that the defense counsel not show, share, or disseminate the materials to any other person. For purposes of this order, defense counsel shall include any defense investigator and/or support staff working at the direction of the attorney of record, but such persons are likewise bound by the order.

Thus, for the reasons above, the United States respectfully requests that the above-described discovery material and documents related to the ongoing criminal investigation be protected from disclosure as set forth herein.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

        */s/*
WILLIAM F. CALVE
Assistant United States Attorney
Texas Bar No. 24096505
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7132

CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

                                              /s/
                                        WILLIAM F. CALVE
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | Cause No.:  SA: 22-CR-570-OLG |
| § | |
| (1) CHANDLER BRITAIN BRADFORD § | |
| (3) RICARDO RODRIGUEZ-SOTELO § § § | |

**<u>PROTECTIVE ORDER</u>**

On this date, the Court considered the United States' Unopposed Motion for a Protective Order Under Rule 16(d)(1). The Court finds that the United States has shown "good cause" for the issuance of the proposed Protective Order. Accordingly, the Court **GRANTS** the United States' motion and enters the following order:

IT IS ORDERED that given the sensitive nature of the discovery material, the dissemination of any discovery materials provided, to any person, other than the Attorneys of Record for the Defendants, in this case is prohibited. For purposes of this order, Attorneys of Record include any defense investigator and/or support staff working at the direction of the Attorney of Record; such persons are likewise bound by the restraints of this order.

IT IS FURTHER ORDERED that no Attorney of Record in the above-captioned cause shall release any discovery to any person, including, but not limited to, the Defendants' family members and the Defendants' associates. In the event any written or electronic discovery is provided to the defense, attorneys may **<u>show</u>** discovery to their client(s), and may **<u>discuss</u>** the information with their client(s); however, attorneys may **<u>not reproduce or disseminate</u>** any discovery, or copies of discovery to anyone, including the client.

IT IS FURTHER ORDERED that if any Attorney of Record is substituted in this cause, all

1

discovery materials, including copies thereof, shall immediately be returned to counsel of record for the United States, who will be obligated to provide a copy of the discovery materials to new counsel upon new counsel acknowledging his or her obligations under this Order.

Finally, IT IS ORDERED that a copy of this Order shall be furnished to counsel of record in this case and any successive counsel of record who enter an appearance after the date of this Order.

SIGNED AND ENTERED this _____ day of _____, 2022.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE