**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CRIMINAL NO. SA-22-CR-00570-OLG** |
| | ) | |
| **CHANDLER BRITAIN BRADFORD (1)** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' TRIAL MEMORANDUM**
**REGARDING CRIMINAL FORFEITURE**

The United States of America submits this Trial Memorandum regarding criminal forfeiture to aid the Court on the applicable rules and procedure governing criminal forfeiture in this case.

The forfeiture phase of a criminal trial is bifurcated from the criminal phase. *See* Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(5)(A). Accordingly, the jury should not receive a copy of the Notice of Government's Demand for Forfeiture unless the Defendant is convicted. However, in cases tried before a jury involving the forfeiture of specific property, either party has a right to retain the jury to determine whether the requisite forfeiture nexus exists. Fed. R. Crim. P. 32.2(b)(5). In such cases, "*the court must determine before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).[1]

---

[1] Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure states, in relevant part:

(5) *Jury Determination.*
(A) *Retaining the Jury.* In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

The purpose of Rule 32.2(b)(5)(A) is to allow the court and the jurors to plan their calendars. *See* Adv. Committee Notes to Fed. R. Crim. P. 32.2(b)(5)(A) (2009).[2] The Rule also saves the Court and the Government the resources that would be wasted in preparing for a forfeiture jury trial if the defendant intends to waive his right to such a trial.

The Government is requesting that the Court, before the jury begins its deliberations, inquire whether the Defendant Chandler Britain Bradford requests that the jury be retained after a guilty verdict to determine the forfeitability of the specific property sought for criminal forfeiture.

The United States is not requesting to retain the jury for forfeiture.

**I. BRIEF PROCEDURAL HISTORY**

1. On January 3, 2024, a federal Grand Jury returned a Third Superseding Indictment charging Chandler Britain Bradford in Count One with conspiracy to smuggle goods from the United States in violation of 18 U.S.C. §§ 371 and 554(a); in Count Two with conspiracy to traffic firearms in violation of 18 U.S.C. § 933; in Count Three with conspiracy to transfer firearms for use in a felony in violation of 18 U.S.C. § 924(h); in Counts Four through Seven with smuggling of goods from the United States, aiding, and abetting in violation of 18 U.S.C. 554(a), 2; and Count Eight with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (Doc. 191).

2. The Government's Notice of Demand for Forfeiture is included in the Third Superseding Indictment and alleged that upon conviction of Counts One and Four through Seven, the Defendant shall forfeit any property constituting, or derived from, proceeds the Defendant obtained directly or indirectly as a result of such violations pursuant to 18 U.S.C. § 981(a)(1)(C) and 19 U.S.C. § 1595a(d), made

---

[2] The Advisory Committee Notes provide, in pertinent part, as follows:

> Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled. This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of service.

applicable to criminal forfeiture by 28 U.S.C. § 2461; that upon conviction of Count Two, the Defendant shall forfeit property constituting, or derived from, any proceeds he obtained,

directly or indirectly, and/or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation pursuant to 18 U.S.C. § 934(a)(1)(A)/(B); and that upon conviction of Count Three, the Defendant shall forfeit any firearm or ammunition involved in or used in violation of this offense pursuant to 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by 28 U.S.C. § 2461. It further alleged that upon conviction of Count Eight, the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property as a result of such violations pursuant to 18 U.S.C. § 982(a)(1).

3. The forfeiture notice in the Third Superseding Indictment notified the Defendant of the Government's intent to seek forfeiture of various personal property, including assorted firearm parts and ammunition, silver bars and gold coins, vehicles and currency. The forfeiture notice also includes a money judgment, which represents the amount of proceeds the Defendant obtained, property involved in and/or the amount of proceeds traceable to the violations set forth in Counts One, Two, and Four through Eight.

## II. RULES AND PROCEDURE FOR BIFURCATED FORFEITURE TRIAL

### **<u>Jury's Role and Requirements</u>**

As part of a defendant's sentence, forfeiture is determined by the Court. *See Libretti v. United States*, 516 U.S. 29 (1995); Fed. R. Crim. P. 32.2(b)(1)(A). But, if a timely request is made to retain the jury, the Government will submit a special verdict form asking the jury "to determine whether the Government has established the requisite nexus between the property [sought for forfeiture] and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5)(B).

Thus, in the event the jury returns a verdict finding the Defendant guilty of any of the Counts charged in the Third Superseding Indictment, the Government will seek criminal forfeiture

of the property listed in the Government's Notice of Demand for Forfeiture within the Third Superseding Indictment, hereinafter referred to as the "Subject Assets". And, in accordance with Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, the United States will request that the Court publish the Government's Notice of Demand for Forfeiture, instruct the jury on the applicable forfeiture law, review the Special Verdict Forms with the jury, and allow counsel to address the jury with respect to the forfeiture issue.

**Burden of Proof**

Because forfeiture is part of a defendant's sentence, the United States must establish by a preponderance of the evidence the requisite forfeiture nexus between the Subject Assets and the offense(s) of Defendant's conviction(s). *See United States v. Gasanova*, 332 F.3d 297, 300-01 (5th Cir. 2003) (concluding "that statutorily-prescribed forfeiture is warranted upon a showing of a preponderance of the evidence."); *see also Libretti*, 516 U.S. at 38-41 (1995) (holding that criminal forfeiture is part of the sentencing process).

**Relevant Evidence**

The determination of forfeitability of specific property "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Neither the Federal Rules of Evidence, nor any other rule, prohibits the Court from admitting hearsay statements or any other information that the Court accepts as relevant and reliable. *See* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence are inapplicable in sentencing proceedings).

In addition to evidence already in the record in this case, the Government may present additional evidence during the forfeiture phase of trial, as permitted by Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure.

**Forfeiture Money Judgment & Substitute Asset Forfeiture**

The Court, not the jury, must determine the amount of money the Defendant will be ordered to pay as a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("the court must determine the amount of money that the defendant will be ordered to pay"); *United States v. Marquez*, 685 F.3d 501, 509 (5th Cir. 2012).

Once the Court enters a forfeiture money judgment, the Government may establish its right to forfeit substitute property—a defendant's other property, up to the value of the judgment—pursuant to 21 U.S.C. § 853(p). Substitute asset forfeiture under 21 U.S.C. § 853(p) is mandatory, and there is no right to have a jury determine whether substitute assets may be forfeited. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("an order authorizing forfeiture of *substitute* assets pursuant to § 853(p) does not require a jury determination because it does not at all increase the amount of forfeiture. Rather, § 853(p) simply requires the court to allow the Government to seize substitute property when the defendant has placed the assets initially sought—and to which the Government is legally entitled—beyond the court's reach") (emphasis in original) (citations omitted).

**Third-Party Interests**

During the forfeiture phase of trial, the factfinder, either the jury or the Court, is not required to determine the extent of the Defendant's interest in any of the Subject Assets. Instead, that issue is reserved for the ancillary proceedings following trial. *See generally* Fed. R. Crim. P. 32.2; *see also* Fed. R. Crim. P. 32.2 advisory committee note (2000) (discussing reason for eliminating confusion over whether extent of defendant's ownership interest should be determined by the jury and for providing that under the new rule the court simply enters an order of forfeiture "of whatever interest a defendant may have in the property without having to determine exactly what that interest is"). Therefore, it is not a proper defense to forfeiture for the Defendant to argue that he did not have an ownership interest in the Subject Assets.

## III. APPLICABLE CRIMINAL FORFEITURE STATUTES

If retained, the jury's sole inquiry in the forfeiture phase of trial would be "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(B).

In this case, the Government seeks to forfeit various personal properties as having a nexus to the Counts alleged in the Third Superseding Indictment. As explained above, that is the only inquiry for a jury, should Defendant elect to retain the jury. The Government later would ask the Court to impose a forfeiture money judgment, and forfeit substitute assets as appropriate.[3]

**Forfeiture Statutes for Counts in Third Superseding Indictment**

Federal law directs that if the Defendant is found guilty of Count One or Counts Four through Seven, violations of smuggling goods from the United States, the Defendant shall forfeit to the United States "[A]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" or a conspiracy to commit such offense". 18 U.S.C. § 981(a)(1)(C). In addition, if the Defendant is found guilty of Count One, the Defendant shall forfeit to the United States "[M]erchandise exported or sent from the United States or attempted to be exported or sent from the United States . . ., or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, . . .". 19 U.S.C. § 1595a (d).

[3]Even if the jury were to find any of the Subject Assets lacked a sufficient nexus to the charges of conviction, those assets still may be forfeited as substitute property. *United States v. Smith*, 770 F.3d 628, 642 (7th Cir. 2014) ("An attempt to categorize the disputed properties as forfeitable proceeds of Mr. Smith's criminal activities, if it were unsuccessful, does not forever prevent those same properties from being forfeited as substitute property."); *United States v. Ayika*, 837 F.3d 460, 476 (5th Cir. 2016) (if "the defendant commingled funds, both legal and fraudulent, which cannot be divided without difficulty, and consequently rendered forfeitable assets untraceable to the crime of conviction under § 982(a)(1), the Government may turn to § 853(p).").

If the Defendant is found guilty of Count Two, firearms trafficking violations, the Defendant "shall forfeit to the United States, irrespective of any provision of State law—

> (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
> (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply." 18 U.S.C. § 934(a)(1)(A) and (B).

If the Defendant is found guilty of Count Three, violations of transferring firearms for use in a felony, the Defendant shall forfeit to the United States "[A]ny firearm or ammunition involved in or used in . . . any knowing violation of section 924 . . .". 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461.

Further, if the Defendant is found guilty of Count Eight, the money laundering conspiracy, the Defendant shall forfeit "any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1).

**Definitions of Terms in Forfeiture Statutes**

The term "proceeds" means any property that the Defendant would not have obtained or retained "but for" the commission of the offenses of conviction. *United States v. Sanders*, 952 F.3d 263, 286 (5th Cir. 2020). Property is forfeitable as "facilitating" property when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance. *United States v. Wyly*, 193 F.3d 289, 302 (5th Cir. 1999)); *aff'd on other grounds*, 261 F. App'x. 355 (2d Cir. 2008). Property "involved in" money laundering "includes the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998) (quoting *United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997)).

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

By: /s/____________________________
MARY NELDA G. VALADEZ
Assistant United States Attorney
Chief, Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas Bar No. 20421844
Email: Mary.Nelda.Valadez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants:

Jay S. Norton
Lahood Norton Law Group PLLC
40 NE Loop 410, Suite 525
San Antonio, TX 78216
Email: jay@lahoodnorton.com

Nicolas Nico LaHood
Lahood Norton Law Group PLLC
40 NE Loop 410, Suite 525
San Antonio, TX 78216
Email: nico@lahoodnorton.com

*Attorneys for Defendant (1) CHANDLER BRITAIN BRADFORD*

/s/____________________________
MARY NELDA G. VALADEZ
Assistant United States Attorney