UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | SA-22-CR-570(1)(OLG) |
| | § | |
| CHANDLER BRITAIN BRADFORD | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION IN LIMINE NUMBER ONE - JCG-M**

To the Honorable Orlando L. Garcia, United States District Judge:

Defendant, CHANDLER BRITAIN BRADFORD, pursuant to the 6th Amendment to the United States Constitution's Confrontation Clause, *Crawford v. Washington*, 541 US 36 (2004), and it's progeny, and Federal Rule of Evidence 801 (hearsay), and files this Motion in Limine Number One, seeking to exclude any reference to suspected alleged co-defendant JCG-M's recorded statements to investigating agents (and reports of said interviews by investigating agents), described in further detail below, and states:

## I. BACKGROUND

### A. Charges

On January 3, 2024, the federal Grand Jury seated in the San Antonio Division of the Western District of Texas returned a Third superseding indictment naming Defendant charging him with:

- Conspiracy to Smuggle Goods From the US, in violation of 18 USC §§ 371 & 554(a) (Count One);
- Conspiracy to Traffic Firearms, in violation of 18 USC § 933 (Count Two);
- Conspiracy to Transfer Firearms for use in Felony, in violation of 18 USC § 924(h) (Count Three);
- Smuggling of Goods from the US and Aiding and Abetting, in violation of 18 USC §§ 554(a) & 2 (Counts Four thru 7); and
- Conspiracy to Commit Money Laundering, in violation of 18 USC § 1956(h) (Count 8).

Trial is anticipated to last approximately three weeks.

B. Co-defendant Interviews

On September 2, 2025, the Government provided the Defense with the following two reports:

- ATF ROI #134, regarding the agents' initial interview with Julio Cesar Gomez-Mendoza, in Mexico, on January 26, 2023; and
- DHS and DOC reports regarding the Second Interview of Julio Cesar Gomez-Mendoza, also in Mexico, on March 30, 2023.

On October 16, 2025, the Government provided the Defense with the audio recordings of those two interviews.

Based on Defendant's review of the reports and grand jury materials, he believes that Julio Cesar Gomez-Mendoza was a fugitive residing in Mexico and is now in "custody" in Mexico

(he appears to have been arrested by authorities in this matter on July 16, 2026).

## II. MOTION

Defendant asks the Court to order the AUSAs and the government agents and witnesses not to mention, allude to, or refer to, in any manner, the recordings of the interviews of Julio Cesar Gomez-Mendoza, or reports regarding the interviews of Julio Cesar Gomez-Mendoza, in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility of such items.

The Sixth Amendment's Confrontation Clause provides, in pertinent part, that:

> "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." U.S. Const., Amd. VI.

This guarantees a criminal defendant the right to directly confront adverse witnesses, *see Maryland v. Craig*, 497 U.S. 836, 846 (1990)("[F]ace to face confrontation enhances the accuracy of factfinding by reducing the risk that a witness will wrongfully implicate an innocent person."); *see also*, *Bullcoming v. New Mexico*, 564 U.S. 647, 662 (2011)("[T]he Clase does not tolerate dispensing with confrontation simply because the court believes that questioning one witness about another's

testimonial statements provides a fair enough opportunity for cross-examination."); *Coy v. Iowa*, 487 U.S. 1012, 1019 (1988)("It is always more difficult to tell a lie about a person 'to his face' than 'behind his back'."). By guaranteeing these rights at trial, the Confrontation Clause serves to "ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing" in an adversarial proceeding. Craig, 497 U.S. at 845; *see also, Kentucky v. Stincer*, 482 U.S. 730, 737 (1987)(confrontation right designed to promote truth-finding function of trial).

Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter [the declarant] asserted in the statement. Fed.R.Evid. 801(c).

The Confrontation Clause may prohibit the admission of hearsay evidence against a criminal defendant when the defendant lacks the opportunity to cross-examine the out-of-court declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The admission of a testimonial hearsay statement violates the Confrontation Clause, except when the declarant is unavailable, *Crawford*, 541 U.S. at 68, AND the defendant had a prior opportunity to cross-examine the declarant, *id.* at 61 (Confrontation Clause requires the reliability of evidence to be "assessed in a particular manner": by testing in the crucible of

cross-examination'); *Bullcoming*, 564 U.S. at 652 & 659 (Confrontation Clause violated by admission of testimonial evidence through different witness who did not create testimonial affidavit and without showing preparing analyst was unavailable).

A witness is considered "unavailable" if the government is unable, despite good faith efforts, to procure that witness's attendance at trial. *See Barber v. Paige*, 390 U.S. 719, 724 (1968)(good-faith effort not established when state made "no effort" to allow the witness to testify while incarcerated); *see also, Mancusi v. Stubbs*, 408 U.S. 204, 212 (1972)(state must make good-faith effort to compel witness's presence beyond merely showing witness was outside its jurisdiction); *U.S. v. Foster*, 910 F.3d 813, 818-19 (5th Cir. 2018)(good-faith effort not established because government failed to verify contact information, obtain collateral contact information, and stay in contact with witnesses).

Trials involving witnesses who are unavailable because of foreign citizenship or residence raise unique Sixth Amendment problems. IF the defendant had a previous opportunity to question the witness, either in the United States or, through the assistance of foreign courts with similar procedures, no violation of the Confrontation Clause results when that hearsay

testimony is introduced at the defendant's trial. *See, e.g., U.S. v. Kelly*, 894 F.2d 255, 262-63 (3d Cir. 1989)(Confrontation Clause not violated by admission of unavailable witness's deposition taken in Belgium because witnesses under oath, defense attorneys present, American judicial supervision, and live consultation with attorneys).

The Supreme Court in *Crawford* did not fully decide which statements qualify as "testimonial", *Crawford*, 546 U.S. at 68 ("we leave for another day any effort to spell out a comprehensive definition of 'testimonial'."). In *Davis v. Washington*, 547 U.S. 813 (2006), the Court attempted to clarify the definition of "testimonial" in relation to police interrogation, and established the "primary purpose" test, which deems a statement testimonial if there is no ongoing emergency and the "primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822. The key issue is usually whether the statement was intended to result in trial testimony at the moment it was made. *Ohio v. Clark*, 576 U.S. 237 (2015)("In the end, the question is whether, in light of all the circumstances, viewed objectively, the "primary purpose" of the conversation was to 'creat[e] an out-of-court substitute for trial testimony.'" (quoting *Bryant*, 562 U.S. at 358)); *see, e.g., U.S. v. Duron-Caldera*, 737 F3d988, 997 (5th Cir.

2013)(witness affidavit prepared 40 years prior was testimonial because purpose was to provide evidence, though not for this specific prosecution).

The confession of a co-defendant who exercises their 5th Amendment right not to testify is not admissible against the other defendant because that other defendant would have no opportunity to cross-examine the confessing co-defendant. *See Bruton v. United States*, 391 U.S. 123, 126 (1968). In that case, the Supreme Court held that admitting a co-defendant's confession at a joint trial under these circumstances violates the other defendant's confrontation right if the confession directly incriminates that defendant. *Id.* at 126.

Here, JCG-M's statements to federal law enforcement offices in January and March 2023 (after he had been indicted in this case), and in Mexico, were clearly intended by the officers to be used at either his trial or at Defendant Bradford's trial, and are thus, "testimonial". Given that Bradford's attorneys were not present, and had no opportunity to cross-examine JCG-M, under oath or judicial supervision, admission of the recorded statements and agents' reports containing those statements at Bradford's trial would violate both the hearsay rule and the Confrontation Clause.

## III. CONCLUSION

Defendant respectfully requests this Court to enter an order consistent with this motion.

Respectfully submitted on August 3, 2026,

NICHOLAS "NICO" LAHOOD
LaHood Norton Law Group
16500 San Pedro Ave., Suite 300
San Antonio, Texas 78232
Nico@lahoodnorton.com
P 210-797-7700
F 210-530-1525
SBN: 24030360

## CERTIFICATE OF SERVICE

This is to certify that on August 3, 2026, a true and correct copy of the foregoing Motion was filed with the CM/ECF system with a copy sent to Brian Nowinski.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | SA-22-CR-570(1)(OLG) |
| | § | |
| CHANDLER BRITAIN BRADFORD | § | |
| Defendant. | § | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE NUMBER ONE**

On this date the Court considered Defendant's Motion in Limine Number One, the Government's Response thereto, and, after due consideration, is of the opinion that Defendant's Motion should be GRANTED.

The Government is ORDERED not to mention, allude to, or refer to, in any manner, the recordings of the interviews of Julio Cesar Gomez-Mendoza, or reports regarding the interviews of Julio Cesar Gomez-Mendoza, until a hearing has been held outside the presence of the jury to determine the admissibility of such items.

So ORDERED on _______________ ___, 2026.

______________________________

ORLANDO L. GARCIA

U.S. DISTRICT JUDGE