**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**(1) CHANDLER BRITAIN BRADFORD,**<br><br>**Defendant.** | **No. SA-22-CR-00570-OLG** |

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

On August 3, 2026, Defendant, Chandler Bradford, filed a variety of pretrial motions ahead of the upcoming trial in this case. The United States of America responds to Defendant's motions as follows:

**I. In its case-in-chief at trial, the Government will not introduce or reference statements made by Bradford's co-defendant, Julio Cesar Gomez-Mendoza**

In Defendant's Motion in Limine Number One (ECF No. 301), he asks that the Court exclude any reference to interview statements made by his co-defendant, Julio Cesar Gomez-Mendoza, who lives in Monterrey, Mexico.

At trial, the Government intends to introduce testimony that investigating agents have met and identified Gomez-Mendoza in Monterrey, Mexico. This testimony would not include the introduction of any statements and, as such, will not implicate either the hearsay rules, *see* Fed. R. Evid. 801(c), or the Confrontation Clause. *See United States v. Hamann*, 33 F.4d 759, 767 (5th Cir. 2022) (observing that in the Confrontation Clause analysis, the first question is "did the evidence introduce a testimonial statement by a nontestifying witness."). In its case-in-chief, the Government does not intend to introduce or reference statements that Gomez-Mendoza made in

various interviews with investigating agents. If the Government believes that Defendant has opened the door to the introduction of any of Gomez-Mendoza's statements, the Government will first approach and ask that the Court address the issue outside the presence of the jury.

**II. The Government has already provided Defendant with information relating to any arrangements, promises, or benefits extended to the Government's witnesses**

In Defendant's Motion to Produce Arrangements Made or Extended to Government Witnesses (ECF No. 302), he asks the Court to order the Court to direct the Government to reveal any arrangements, promises, or benefits made or extended to the Government's witnesses. In particular, Defendant asks for plea agreements and cooperation agreements for any cooperating co-defendants.

The Government has already made these disclosures. On July 31, 2026, the Government provided Defendant with the plea agreements, cooperation agreements, and proffer letters for all co-defendants who may be called as witnesses at trial. The Government has not made these co-defendants any other offers or promises outside of those that are listed in their plea agreements and cooperation addendums. The Government also has not provided any other arrangements, promises, or benefits to its witnesses other than those that have already been disclosed to Defendant. Should that change, the Government will comply with its continuing disclosure obligations under *Brady* and *Giglio*.

**III. The Court should deny Defendant's Motion to Dismiss as it is based on contested issues of fact that must be decided by the jury**

Defendant has filed a Motion to Dismiss Counts Two and Three of the Third Superseding Indictment (ECF No. 304) arguing that there is insufficient evidence to support those counts. This motion should be denied.

"An indictment is sufficient if it contains the elements of the charged offense, fairly informs

the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Sims. Bros. Contr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001). "[T]he propriety of granting a motion to dismiss an indictment under [Rule] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005). "[A] court may not grant a motion to dismiss on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits." *United States v. Burger*, 170 F.4th 3945, 403 (5th Cir. 2026).

Here, Defendant was charged in a Third Superseding Indictment by a legally constituted and unbiased grand jury with, among other charges, Conspiracy to Traffic Firearms, in violation of 18 U.S.C. § 933, and Conspiracy to Transfer Firearms for Use in a Felony, in violation of 18 U.S.C. § 924(h). Defendant does not allege any insufficiency in the indictment on its face nor does he allege any impropriety on part of the grand jury. Instead, he challenges the evidence supporting two of the counts, which is purely a factual challenge. The Third Superseding Indictment alleges a long-running conspiracy during which the Defendant supplied the firearms parts necessary to arm Julio Gomez-Mendoza with about 4,800 AR-15 style rifles and furnished parts, tools, and advice necessary to assemble completed AR-15 rifles. Whether Defendant conspired to traffic and transfer firearms as charged in the indictment is a contested issue of fact that must be left to the jury.[1] *See United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) ("There is no authority under

[1] Defendant's reliance on *United States v. Fontenont*, 665 F.3d 640 (5th Cir. 2011) is misplaced. *Fontenont* involved a motion to dismiss an indictment containing two counts relating to the making of false statements in which both statements were specifically alleged in the indictment. *See id*. at 642-645. As such, the Court did not have to resolve any disputed factual issues but instead only had to address whether the statements qualified as false statements as a matter of law. By contrast, whether Defendant knowingly conspired with others to traffic and transfer firearms through a scheme in which firearms parts were exported to Mexico to

Rule 12 . . . to dismiss on the basis of a sufficiency-of-the evidence defense which raises factual questions embraced in the general issue.”). The Court should decline Defendant’s request to invade the province of the jury and deny his Motion to Dismiss, leaving the disputed factual issues to be resolved by the jury as the trier of fact.

### IV. The Government has complied with its obligations to disclose evidence favorable to the defense under *Brady* and *Giglio* and will continue to do so

Defendant has filed a Motion for Evidence Favorable to the Defense (ECF No. 305), asking the Court to order the Government to produce any exculpatory evidence. Such an order is unnecessary. The Government is not aware of any exculpatory evidence that has not already been produced to Defendant. The Government is also well aware of its continuing disclosure obligations under *Brady* and *Giglio* and will continue to abide by them.

### V. The Court conducting voir dire itself will best serve the interests of judicial economy and will avoid the risk of unnecessary prejudice to the venire

Defendant has filed a Motion to Allow Attorneys to Conduct Voir Dire (ECF No. 306), asking that the Court give defense counsel 30 minutes to conduct voir dire during jury selection. This motion should be denied.

“The district court has broad discretion in the conduct of the voir dire examination and may do so to the exclusion of counsel.” *United States v. Wertis*, 505 F.2d 683, 684 (5th Cir. 1974) (citing Fed. R. Crim. P. 24(a)). “In the interests of judicial economy and efficiency, the trial court may deny counsel the privilege of addressing the venire by choosing to conduct the entire voir dire itself[.]” *United States v. L’Hoste*, 609 F.2d 796, 802 (5th Cir. 1980).

In accordance with the Court’s standard practice, the parties have submitted proposed voir dire questions. Judicial economy will be best served by the Court, not the parties, asking the venire

---

be eventually assembled into completed AR-15-style rifles for use in furtherance of drug trafficking is a contested factual issue that must be decided by the jury.

these questions along with the Court's standard questions. This process will avoid unnecessary litigation over the propriety of questions posed to the venire by the parties and will avoid the risk of prejudicing the venire with improper unscreened questions. As such, this Court should deny Defendant's motion.

### VI. Defendant's Motion for Pre-Trial Disclosure of 404(b) Evidence should be denied

Defendant has moved for pre-trial disclosure of all evidence the Government intends to offer under Rule 404(b) (ECF No. 307). The Government has not filed a Rule 404(b) notice in this case as it does not intend to offer Rule 404(b) evidence.

This Court should deny Defendant's motion to the extent that it is a blanket request to exclude a broad array of unspecified other acts and to the extent that Defendant seeks to exclude overt acts or other evidence that are intrinsic to the charged conspiracies. "Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place, and to evaluate all the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (cleaned up). "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). "Intrinsic evidence does not implicate Rule 404(b), and consideration of its admissibility pursuant to that rule is unnecessary." *Rice*, 607 F.3d at 141 (cleaned up). For instance, here evidence pertaining to the overt acts described in the indictment and to other overt acts committed in furtherance of the conspiracy are admissible as they are intrinsic and not subject to Rule 404(b).

**VII. The Government has already provided Defendant with the grand jury transcripts and will continue to comply with its obligations under Jencks**

Finally, Defendant has filed a motion asking the Court to direct the Government to produce all Jencks Act material at least one week before trial. Defendant specifically requests that the Court order the Government to produce the transcripts of the grand jury testimony for this case. These transcripts were already disclosed to counsel for Defendant nearly nine months ago on November 17, 2025. The Government has also disclosed other Jencks material, such as witness statements, to Defendant throughout the pendency of this case. In compliance with the Court's standing order, the Government will disclosure any remaining Jencks material to Defendant by Friday August 7, 2026.

**CONCLUSION**

For the reasons above, the Government requests that this Court deny Defendant's motions and otherwise make pretrial rulings consistent with the above authority.

Respectfully Submitted,

JUSTIN R. SIMMONS
United State Attorney

*/s/*

BRIAN M. NOWINSKI
Assistant U.S. Attorney
Michigan Bar No. P80027
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7068

RYAN A. GROOMER
Assistant United States Attorney
Texas Bar No. 24074324
601 Northwest Loop 410 Suite 600
San Antonio, Texas 78216
(210) 384-7152

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the parties of record.

/s/
BRIAN M. NOWINSKI
Assistant United States Attorney